91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen Joseph HERLIHY, Plaintiff-Appellant,
v.
BDM MANAGEMENT SERVICES COMPANY, BDM International, Inc.,
and Does 1-50, inclusive, Defendants-Appellees.
 No. 95-55214.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 29, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The Appellant in this action, Stephen James Herlihy, asserted in his Complaint that the Appellees, BDM International, Inc., BDM Management Services Company, and John Does 1-50 (collectively, "BDM") retaliatorily and wrongfully terminated him from his employment with BDM Management Services Company because of his threat to report the illegal time-keeping practices of his employer, because he is a Christian, and because of his age. Herlihy also asserted that BDM breached his employment contract.
 
 
 4
 The district court granted summary judgment to BDM on the claim for wrongful, retaliatory termination on the basis that the claim was barred by the applicable one-year statute of limitations. The district court granted BDM summary judgment on the claim for breach of contract on the basis that there was no breach of the terms of the contract which provided that Herlihy could be fired at any time with prior notice.
 
 I.
 
 5
 BDM supplies manpower to the Royal Saudi Air Force ("RSAF") via a contract with the United States Air Force ("USAF"). BDM employees work under the direct supervision of RSAF officers. In 1984, Herlihy, who was already in Saudi Arabia and employed by the RSAF, was hired by BDM at the Direction of the RSAF. The BDM contract with the USAF was amended to include Herlihy's new position.
 
 
 6
 At the time Herlihy was hired he signed an Employment Agreement and a Memorandum of Understanding. The Employment Agreement, dated June 17, 1990, provided that it is to be governed and construed in accordance with the laws of the Commonwealth of Virginia. These documents set out the terms and conditions of Herlihy's employment. Herlihy signed additional Employment Agreements and Memorandums of Understanding from time to time as BDM's contract was renewed.
 
 
 7
 In July of 1991, Herlihy informed BDM that he had been assigned a project by the RSAF that would require overtime. Herlihy requested that he be given use of a car to facilitate his overtime work on the project. At this point Herlihy's BDM manager, Paul Baldasari, directed Herlihy to secure a letter from an RSAF officer, Major Sughari, authorizing this overtime.
 
 
 8
 Herlihy asserts that Baldasari knew that when Herlihy made this request for overtime authorization of Sughari, the RSAF would direct that Herlihy's position be terminated. In fact, the RSAF did direct that Herlihy's employment be terminated and on July 22, 1991 a BDM manager, L.R. Lotspeich, notified Herlihy of his pending termination. Herlihy received another notice of termination on August 28, 1991. Herlihy continued to work for BDM and to receive salary and benefits until March 13, 1992.
 
 
 9
 In December of 1993, Herlihy filed the instant lawsuit asserting claims for wrongful, retaliatory discharge and breach of contract. The district court granted BDM summary judgment on both of these claims. In the instant appeal, Herlihy makes no mention of the statute of limitations governing his tort claim of wrongful, retaliatory discharge and appears to challenge only the district court's resolution of his breach of contract claim.
 
 II.
 
 10
 Herlihy claims that BDM terminated him in violation of his employment contract, which required that he be given prior notice of his termination. Herlihy also asserts that BDM "assumed a contractual obligation implicit in this agreement that he not be terminated for "specious" reasons. Herlihy asserts that his employment was effectively terminated, without cause, when he was instructed to write a letter to the RSAF requesting that he be authorized to work overtime. Herlihy argues that it was known by BDM that this overtime request would result in his termination and that the instruction to make this request was given without the requisite prior notice.
 
 
 11
 We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). This court's review is governed by the same standard used by trial courts under Federal Rule of Civil Procedure 56(c): "[We] must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id. at 1130-31.
 
 
 12
 Herlihy signed a written agreement with BDM International, the Memorandum of Understanding, which provided that "this assignment and MOU may be terminated at any time by the Company upon prior notice." Herlihy signed a written agreement, the Employment Agreement, with BDM Management Services Company, which provided that his employment "may be terminated by either party, at any time, upon such [reasonable] notice being given." Herlihy has conceded that the Memorandum of Understanding is the "controlling agreement."
 
 
 13
 It is not disputed that Herlihy worked for BDM until March of 1992 and that he had received written notices concerning his termination in July of 1991, August of 1991 and December of 1991. Thus, Herlihy remained on the BDM payroll for eight months after he first received notice that he was being terminated. Under these facts, the terms of Herlihy's employment contract were not breached and Herlihy could not make out a claim for breach of contract. Herlihy's assertions that he was ordered to request overtime authorization from the RSAF as a trumped-up way of laying the groundwork for his termination are irrelevant because BDM did not need to create a basis for terminating Herlihy. This analysis is the same under either California or Virginia law.[1]
 
 III.
 
 14
 Concluding that the district court did not err by entering summary judgment in this case; we AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Employment Agreement provides that it is governed by Virginia law. Herlihy has argued that California law applies. The result is the same in either event